# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KATLYN GILLIES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-1666-JJB-EWD** |
| **RED FROG EVENTS, LLC, ET AL.** | |

# ORDER

Before the Court is an Unopposed Motion for Leave to File First Supplemental and Amending Complaint,[1] filed by plaintiff Katlyn Gillies. In the Motion, Plaintiff seeks to add Event Medical Staffing Solutions, LLC, Daniel Lauber, Marcus Edwards and Nationwide Mutual Insurance Company as defendants in this matter.[2] The proposed First Supplemental and Amending Complaint ("Amended Complaint"), however, fails to adequately allege the citizenship of the parties. The proposed Amended Complaint contains the following allegations regarding citizenship:

> **NOW INTO COURT**, through undersigned counsel, comes plaintiff, **KATLYN GILLIES**, a person of the full age and domiciled in Baton Rouge, Louisiana and who avers as follows:
> 
> 1
> 
> Made defendants herein are:
> A. **RED FROG EVENTS, LLC ("RED FROG"),** a foreign limited liability company having one member, Joseph A. Reynolds, with a citizenship of 320 W. Ohio Street, Suite 1W, Chicago, Illinois 60654. Red Frog Events, LLC's principal place of business and citizenship is at 320 W. Ohio Street, Suite 1W, Chicago, Illinois 60654, and as such, it is within the jurisdiction of this Honorable Court and may be served through its agent for service of process, pursuant to the Louisiana Long Arm Statute La. R.S. 13:3201, *et seq.*, on Illinois Corporation Service C at 801 Adlai Stevenson Drive, Springfield, Illinois 62703;

---

[1] R. Doc. 22.
[2] *Id.* at p. 1.

B. **FIRST SPECIALTY INSURANCE CORPORATION ("FIRST SPECIALTY"),** a surplus lines insurance corporation authorized to do and doing business in the State of Louisiana having its principal place of business and state of incorporation at 237 East High Street, Jefferson City, Missouri 65102, and as such, is within the jurisdiction of this Honorable Court and may be served through its registered agent for service of process, pursuant to the Louisiana Long Arm Statute La. R.S. 13:3201, *et seq*, on Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809;

C. **PETERSON BUILDERS FRAMING CONTRACTORS, LLC ("PETERSON"),** a foreign limited liability company having one member, Christopher E. Peterson, with a citizenship of 19931 Walter Henderson Road, Cornelius, North Carolina 28031-7209. Peterson Builders Framing Contractors, LLC's principal place of business and citizenship is at 19931 Walter Henderson Road, Cornelius, North Carolina 28031-7209, and as such, is within the jurisdiction of this Honorable Court and may be served through its agent for service of process, pursuant to the Louisiana Long Arm Statute La. R.S. 13:3201, *et seq*, on Christopher E. Peterson at 19931 Walter Henderson Road, Cornelius, North Carolina 28031-7209;

D. **AUTO-OWNERS INSURANCE COMPANY ("AUTO-OWNERS"),** a property and casualty insurance company having its domicile in Michigan and principal place of business at P. O. Box 30660, Lansing, Michigan 78909-8160, and as such, is within the jurisdiction of this Honorable Court and may be served through its registered agent for service of process pursuant to the Louisiana Long Arm Statute La. R.S. 13:3201, *et seq*, on Resident Agent, The Corporation Company 40600 Ann Arbor Road., E., Suite 201, Plymouth, Michigan 48170-4675;

E. **NORTH SOUTH RENOVATIONS, INC. (NORTH SOUTH"),** a foreign corporation having only one member, Marcus Edwards, who has a citizenship at 1729 Josie Street, Charlotte, North Carolina 28213, and North South Renovations, Inc. having its principal place of business and state of incorporation at 1001 East WT. Harris Blvd., Suite 131, Charlotte, North Carolina 28213, and as such, is within the jurisdiction of this Honorable Court and may be served through its agent for service of process, pursuant to the Louisiana Long Arm Statute La. R.S. 13:3201, *et seq*., on Marcus Edwards at 1001 East WT. Harris Blvd., Suite 131, Charlotte, North Carolina 28213;

F. **NATIONWIDE MUTUAL INSURANCE COMPANY ("NATIONWIDE"),** An admitted insurer insurance company authorized to do and doing business in the State of Louisiana having its principal place of business and state of incorporation at One West Nationwide Plaza, Columbus, Ohio 43215, and as such, is within the jurisdiction of this Honorable Court and may be served through its

registered agent for service of process, pursuant to the Louisiana Long Arm Statute La. R.S. 13:3201, *et set.*, on Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809;

G. **EVENT MEDICAL STAFFING SOLUTIONS, LLC ("EMSS"),** a Pennsylvania Limited Liability Company that is not registered to do business in Louisiana, whose principal business office is 1116 Brookwood Lane, Secane, PA 19018. Upon information and belief, its sole member is John Roussis, a Pennsylvania citizen, who at no time has been a Louisiana citizen;

H. **DANIEL LAUBER, ("LAUBER"),** a natural person above the age of majority, who is a resident of Charlotte, North Carolina, who can be served with process at his domicile of 1606 Katherine Kiker Road, Charlotte, NC 28212; and

I. **MARCUS EDWARDS ("EDWARDS"),** a natural person above the age of majority, who is a resident of Charlotte, North Carolina, who can be served with process at his domicile of 1729 Josie Street, Charlotte, NC 28213.[3]

Because this matter was removed based upon diversity jurisdiction under 28 U.S.C. § 1332,[4] proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction. In the proposed Amended Complaint, citizenship has not been adequately alleged. Although the citizenship of Plaintiff, Red Frog Events, LLC, First Specialty Insurance Corporation, Peterson Builders Framing Contractors, LLC, North South Renovations, Inc., Event Medical Staffing Solutions, LLC, Daniel Lauber and Marcus Edwards has been adequately alleged,[5] the citizenship of Auto-Owners Insurance Company ("Auto-Owners") and

---

[3] R. Doc. 22 at Introductory Paragraph and ¶ 1.
[4] *See*, R. Doc. 1.
[5] With respect to Plaintiff, Daniel Lauber and Marcus Edwards, the Fifth Circuit has held that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). With respect to Red Frog Events, LLC, Peterson Builders Framing Contractors, LLC and Event Medical Staffing Solutions, LLC, the Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civ. A. No. 06-88-A, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted). With respect to First Specialty Insurance Corporation and North South Renovations, Inc., the Fifth Circuit has held that, "For diversity jurisdiction purposes, a corporation is a citizen of the

Nationwide Mutual Insurance Company ("Nationwide") has not been adequately alleged. Plaintiff fails to specify what form of entity Auto-Owners and Nationwide are, alleging only they are "insurance company[ies]."[6] If Auto-Owners and Nationwide are corporations, Plaintiff must allege each entity's place of incorporation and principal place of business. *See*, 28 U.S.C. § 1332(c). If, however, these defendants are unincorporated associations or limited liability companies, Plaintiff must allege the name and domicile of each member of each entity. *See, Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

Accordingly,

**IT IS HEREBY ORDERED** that within seven (7) days of this Order, Plaintiff shall file a Motion to Substitute the proposed First Supplemental and Amending Complaint [7] with a proposed pleading that is a comprehensive complaint (*i.e.,* it may not refer back to or rely on any previous pleading) that includes all of Plaintiff's numbered allegations, as revised, supplemented, and/or amended, and which will become the operative complaint in this matter without reference to any other document in the record.

Signed in Baton Rouge, Louisiana, on December 28, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).
[6] R. Doc. 22 at ¶ 1(D) and (F).
[7] R. Doc. 22-2.